**COHEN TAUBER SPIEVACK & WAGNER LLP**
*Proposed Counsel for Committee of Unsecured Creditors*
420 Lexington Avenue, 24th Floor
New York, New York 10170
Tel: (212) 586-5800
Fax: (212) 586-5095
    Robert A. Boghosian (RB-5822)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ARROW SEAFOODS, INC.<br><br>                       Debtor. | Chapter 11<br><br>Case No. 06 B 12790 (SMB) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING THE RETENTION OF COHEN TAUBER SPIEVACK & WAGNER LLP AS COUNSEL TO THE COMMITTEE

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case (the "Case") of Arrow Seafoods, Inc., debtor and debtor-in-possession (the "Debtor") respectfully states as follows:

### SUMMARY OF REQUESTED RELIEF

1. The Committee has recently been appointed in the Case. By this application (the "Application"), pursuant to Section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Committee seeks to retain Cohen Tauber Spievack & Wagner LLP ("CTSW") as its counsel to provide the Committee with legal advice and related services. The Committee desires that the retention be made *nunc pro tunc*, effective as of December 14, 2006, that being the date on which the Committee retained CTSW and CTSW first provided advice and rendered services to the Committee.

1

## BACKGROUND

2. On or about November 27, 2006, the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Code") and has continued in possession of its business, management of its property and management of its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed in the Case.

3. The Debtor is a long time wholesale seafood distributor offering a broad range of seafood products to retail fish stores and distributors throughout the New York City area.

4. On December 13, 2006, the United States Trustee for the Southern District of New York appointed the Committee in the Case and selected the following creditors to serve thereon:

   a. Dixie Fish Company, Inc.
   b. Acme Smoked Fish, Corp.
   c. Stark Macrobiotic Fisheries
   d. Early Morning Seafood
   e. Viking Village, Inc.

5. On December 14, 2006, the Committee met and selected CTSW as its counsel because CTSW has had considerable experience in representing committees in proceedings before this and other Courts and is well suited to represent the Committee in the Case.

## STATUTORY BASIS FOR REQUESTED RELIEF

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are sections 327, 328 and 1103(a) of the Bankruptcy Code and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Application for Retention- Execution Copy

## REQUEST FOR RETENTION OF CTSW

7. The Committee seeks to retain and employ CTSW as its counsel in the Case to provide legal advice as set forth herein as well as render related services.

8. The Committee respectfully submits that it is necessary to employ and retain counsel pursuant to section 1103(a) of the Bankruptcy Code to provide it with legal advice and other services. Subject to the Court's approval, CTSW has agreed to represent the Committee in this capacity.

9. The Committee believes that CTSW possesses extensive knowledge and expertise in the areas of law relevant to the Case, and that CTSW is well qualified to represent the Committee in the Case. The Committee sought counsel with considerable experience in chapter 11 reorganization cases and other debt restructuring scenarios. CTSW's attorneys have extensive experience in bankruptcy matters and in litigation matters. Members of CTSW's Creditors' Rights and Bankruptcy Group represent or have represented official committees of unsecured creditors or bondholders in the following cases: *In re Service Merchandise, Inc.* (co-chair of Official Committee of Unsecured Creditors), *In re General Vision Services, Inc.,* (Official Committee of Unsecured Creditors), *In re Its About Time, Inc.* (Official Committee of Unsecured Creditors), *In re Hoff Jeweler's Inc.* (Official Committee of Unsecured Creditors), *In re Long John Silver's Restaurants,* (Official Committee of Unsecured Creditors), *In re P.A. Bergner/Carson Pirie Scott* (Official Committee of Unsecured Creditors), *In re eLot, Inc. and eLottery, Inc.* (bondholder group as DIP lender and Plan Funder), *In re Jacobson Stores* (Official Committee of Unsecured Creditors) and *In re Troutman's Emporium* (Official Committee of Unsecured Creditors).

10. The professional services to be rendered by CTSW to the Committee include the following:

Application for Retention- Execution Copy

a. Assisting and advising the Committee in its consultations with the Debtor with respect to the overall administration of the Case;

b. Representing the Committee at hearings to be held before this Court and communicating with the Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

c. Assisting and advising the Committee in its examination and analysis of the conduct of the Debtor's affairs and the reasons behind the Debtor's Chapter 11 filing;

d. Reviewing and analyzing pleadings, orders, operating reports, schedules, statements of financial affairs and other documents filed and to be filed with this Court by the Debtor or other interested parties in the Case;

e. Advising the Committee as to the necessity, propriety and impact of the foregoing upon the Case;

f. After consultation with and approval by the Committee, consenting or objecting to pleadings or orders on behalf of the Committee;

g. Assisting the Committee in preparing such applications, motions, memoranda, proposed orders and other pleadings as may be required in support of positions taken by the Committee, as well as preparing witnesses and reviewing documents relevant thereto;

h. Coordinating the receipt and dissemination of information prepared by and received from the Debtor and any accountants and other professionals it may retain, as well as such information as may be received from accountants or other professionals engaged by the Committee or other parties in interest in this case;

i. Conferring with the professionals retained by the Debtor and other parties in interest as well as with such professionals as may be selected and employed by the Committee;

j. Apprising the Court of the Committee's analysis of the Debtor's operations, when applicable;

k. Assisting and counseling the Committee in its negotiations with the Debtor, or other Court-appointed representatives or interested third parties concerning the terms, conditions and import of any proposed plan or plans of reorganization;

l. Assisting the Committee with such services as may contribute, or are related, to the confirmation of a plan of reorganization in the Case;

m. Assisting and advising the Committee in its discussions and negotiations with the Debtor and others regarding the terms, conditions and security for debtor-in-possession financing, if any, during this Chapter 11 case;

n. Conducting such examinations of officers and employees of the Debtor and other witnesses as may be necessary in order to analyze and determine, among other things, the Debtor's assets and financial condition, whether the Debtor has made any avoidable transfers of property, or whether causes of action exist on behalf of the Debtor's estate; and

o. Assisting the Committee generally in performing such other services as may be desirable or required pursuant to Section 1103 of the Bankruptcy Code.

11. The Committee submits and represents that it will utilize the services and expertise of CTSW to advance the interests of the Debtor's unsecured creditors in an efficient and cost-effective manner.

12. Upon information and belief, CTSW does not represent and does not hold any interest adverse to the Debtor's estate or its creditors in the matters upon which CTSW is to be engaged, except to the extent that may be otherwise set forth in the affidavit of Robert A. Boghosian accompanying this Application. CTSW represents or may have represented certain of the Debtor's creditors or equity holders who are not known at this time in matters unrelated to the Case.

13. The Committee understands that CTSW will seek compensation for such advice and services from the Debtor's estate, subject to Court approval after notice and a hearing. CTSW will seek compensation from the Debtor's estate for services rendered to the Committee based on its customary hourly rates which, the Committee understands, for 2006, are as follows:

    a.    Between $435 and $475 per hour for partners;

    b.    Between $375 and $405 per hour for special counsel;

    c.    Between $200 and $350 per hour for associates; and

    d.    $135 for paraprofessionals.

The Committee understands that these rates generally are adjusted at the beginning of each calendar year, and for 2007, CTSW's hourly rates will be as follows:

    a.    Between $435 and $495 per hour for partners;

    b.    Between $375 and $435 per hour for special counsel;

    c.    Between $200 and $375 per hour for associates; and

    d.    $150 for paraprofessionals.

CTSW's rates are set at a level designed to fairly compensate CTSW for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

6

Application for Retention- Execution Copy

14. CTSW will be compensated, subject to the approval of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and local rules and the order of this Court. CTSW will also seek reimbursement for all out-of-pocket expenses incurred in rendering services to the Committee, consistent with the rules and guidelines of this Court. It is CTSW's policy to charge each client for all expenses incurred in connection with such client's case or matter. These disbursements and expenses include, among other things, telephone, conference calls, telecopying, photocopying, travel, working meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

## NOTICE

15. Notice of this Application will be given to (a) counsel to the Debtor and (b) the Office of the United States Trustee. The Committee submits that such notice is adequate and proper and no other or further notice need be given.

## REQUEST FOR *NUNC PRO TUNC* RETENTION

16. The Debtor believes that the *nunc pro tunc* retention of CTSW is appropriate and essential inasmuch as that firm has acted as the Committee's bankruptcy counsel since December 14, 2006 and because of CTSW's good faith in the rendering of services to the Committee. Despite the lack of an order of retention, CTSW rendered needed services to the Committee from December 14, 2006 in connection with the upcoming hearings and the Debtor's recent applications. The Committee advised CTSW that it would promptly move to secure an order of CTSW's retention by this Court.

7

## REQUEST FOR WAIVER OF MEMORANDUM OF LAW

17. The Debtor submits that no new or novel issue of law is presented with respect to the matters contained herein, and respectfully request that the requirement of a memorandum of law be waived.

## NO PRIOR REQUEST

18. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Committee requests that this Court enter an order substantially in the form annexed hereto authorizing the Committee to retain and employ CTSW as its counsel to represent it in the Case and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 15, 2006

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

_____
By: Ronald B. Hamlin, President of Dixie Fish Company, Inc. and Committee Chairman